**CHAMBERS COPY**

**E-Filing**

|   |   |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321) |
|   | United States Attorney |
| 2 |   |
| 3 | EUMI L. CHOI (WVBN 0722) |
|   | Chief, Criminal Division |
| 4 | SHAWNA YEN (CSBN 224447) |
|   | Assistant United States Attorney |
| 5 |   |
| 6 | 150 Almaden Boulevard, Suite 900 |
|   | San Jose, California 95113 |
|   | Telephone: (408) 535-5054 |
| 7 | Fax: (408) 535-5066 |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 05-00391 RMW (PVT) |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] |
|   | ) | PROTECTIVE ORDER |
| v. | ) | RE: DISCOVERY OF |
|   | ) | CHILD PORNOGRAPHY |
| GREG PENNINGTON, | ) |   |
| Defendant. | ) |   |

Greg Pennington is charged with receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) & 2252A(b)(1). The United States will produce to counsel for the defendant in this case (1) a mirror image of all digital media that was seized from the defendant and (2) a mirror image of the website at issue in this case, both of which include digital media that the government alleges contains images of child pornography. Pursuant to the child victim privacy provisions of 18 U.S.C. § 3509(d) and Federal Rule of Criminal Procedure 16, the parties stipulate, and the Court orders, that disclosure of these materials shall be subject to the following restrictions:

1. The United States will produce to counsel for the defendant in this case (1) a mirror image of all digital media that was seized from the defendant and (2) a mirror image of

STIPULATION AND PROTECTIVE ORDER
[No. 05-00391]

the website at issue in this case, both of which include digital media that the government alleges contains images of child pornography. To the extent that the allegedly sexually explicit images depicting minors are not already captured in the digital media, the United States shall furnish hard copies of those images. The government may also choose to provide hard copies of images in order to facilitate settlement discussions even though those images were seized in digital form. The digital media and hard copy images of the alleged child pornography will hereinafter be referred to together as "restricted discovery." The term "restricted discovery" refers only to that portion of discovery that allegedly constitutes an image or images depicting a minor or minors engaged in sexually explicit conduct as defined in Title 18 United States Code § 2256(1) & (2). By entering into this stipulation, the defense does not concede that any items of discovery constitute sexually explicit images depicting minors or child pornography.

2. Except when being actively examined for the purpose of the preparation of the defense of defendant Greg Pennington, the restricted discovery produced by the United States to defense counsel, Thomas Ferrito, Esq. shall be maintained in this federal judicial district in a locked, safe, and secure drawer, cabinet, or safe which is accessible only to Mr. Ferrito. Mr. Ferrito shall not permit any person access of any kind to the restricted discovery except as set forth below.

The following individuals may examine the identified restricted discovery:

a) Thomas Ferrito, Esq., counsel for defendant and those permanent members of his staff who are assisting him in the investigation and preparation of this case.

b) The defendant with Mr. Ferrito or a member of Mr. Ferrito's permanent staff present.

No other person shall examine the identified restricted discovery, nor shall any copies be made of the identified restricted discovery without further order of this Court. Examination of the restricted discovery shall be done in a secure environment which will not expose the materials to other individuals not listed above or permitted to examine the restricted discovery by further order of the Court.

3. If Mr. Ferrito determines that, other than those individuals described above in

paragraph 2, additional individuals or experts are needed to review the material he must obtain a further order of the Court before allowing any other individual to review the material. Application for such order may be made *ex parte* and under seal.

4. The restricted discovery shall not leave the State of California without further order of the Court, the application for which may be made *ex parte* and under seal.

5. The restricted discovery shall not be transported to defense expert or anyone else, by way of the United States mail or other facility of interstate commerce without further order of the Court, the application for which may be made *ex parte* and under seal.

6. A copy of this order shall be maintained with the restricted discovery at all times.

7. No copies of any of the identified restricted discovery may be made without further court order, the application for which may be made on an ex parte basis and under seal, subject to the requirement that the defense, in making such an application to the court, do the following: (i) specifically identify each image to be copied, (ii) specify the number of copies to be made of each image, and (iii) Bate-stamp each of the copies made, and file with the court, on an ex parte basis and under seal, a log of the copies that have been made (identified by Bate-stamp numbers). The copies that are made pursuant to this paragraph are subject to the requirements of Paragraph 10. The log shall be maintained subject to further order of the court and shall be produced to the United States at the close of the case. The prohibition on copying absent a court order includes (1) printing out images onto paper or film and (2) duplicating the images in any digital format. This restriction in no way precludes the defense from copying discovery not identified as restricted discovery.

8. The computer from which the digital media will be accessed shall not be connected to the Internet or to any other computer network at the time the restricted discovery is being accessed.

9. Any pleadings that include copies of any identified restricted discovery or reveals the identity of any alleged minor victims shall be filed under seal.

10. Within 20 court days of the judgment and sentencing hearing in this matter, all material provided to defense counsel pursuant to this Order, and all other authorized copies, if

1  any, shall be returned to the United States. The United States will forensically delete/wipe all of
2  the restricted discovery from the disks and external hard drives and return them to defense
3  counsel. If defendant believes that he must maintain the material for any reason related to
4  appeal, defendant must seek authorization from the District Court within 20 days of the
5  sentencing and judgment in this matter. If the material is returned and counsel later decides that
6  it will be needed for an appeal, the government shall provide the same discovery to the defense
7  for purposes of the appeal pursuant to a new protective order.

8      11.    All individuals who receive access to the materials produced by the government
9  pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a declaration
10 acknowledging that they have reviewed the Order, that they understand its contents, and that they
11 agree to abide by the provisions within. The declaration shall further state clearly that declarant
12 understands that failure to abide by this Order may be punishable by contempt and other
13 sanctions by this Court and by state and federal criminal charges for possession or dissemination
14 of child pornography. Each such declaration shall be maintained by Mr. Ferrito subject to further
15 court order.

17 STIPULATED:

18 DATED:

                                      THOMAS FERRITO, ESQ.
                                      Attorney for defendant Greg Pennington

21 DATED:

                                      SHAWNA YEN
                                      Assistant United States Attorney

23 IT IS ORDERED.
24 DATED: 11/14/05

                                      PATRICIA V. TRUMBULL
                                      United States Magistrate Judge